SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**WILLIAM M. NARUS, CAB #243633**
William.Narus@usdoj.gov
**NICOLE HERMANN, OSB #126353**
Nicole.Hermann@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:20-cr-00145-SI-01 |
| | 3:20-cr-00148-SI-02 |
| v. | |
| | **GOVERNMENT'S SENTENCING** |
| RUBEN FLORES-HERRERA, | **MEMORANDUM** |
| **Defendant.** | |

Defendant comes before the Court after pleading guilty to Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances, to Use a Communication Facility and to Maintain a Drug-Involved Premises and Illegal Reentry. Consistent with the plea agreement, the government recommends a sentence at the low-end of the advisory guidelines range, followed by a five-year term of supervised release, and a $100 fee assessment on each count.

**Government's Sentencing Memorandum** **Page 1**

## BACKGROUND

### A.    The Offense Conduct

The government's investigation established that defendant agreed with another person to possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 50 grams or more of actual methamphetamine, and 100 grams of a mixture or substance containing a detectable amount of heroin in the District of Oregon and elsewhere.

Beginning in December 2019, DEA and other law enforcement officers began investigating a drug trafficking organization that was operating in Portland, Salem, and Vancouver.  Presentence Report (PSR) ¶ 24.  Using court-authorized wiretaps, physical surveillance, and interviews, fifteen members of the drug trafficking organization were indicted federally and a total of 40 arrests were made.  PSR ¶¶ 24-25.  In total, federal investigators seized 15.7 kilograms of heroin, 11.25 kilograms of methamphetamine, 29.61 kilograms of crystal methamphetamine, 10 firearms, a vehicle, and $239,317 in U.S. currency.  PSR ¶ 26.

On February 20, 2020, agents intercepted communications that indicated that defendant would be traveling from California to Oregon with methamphetamine and heroin.  PSR ¶ 28. Defendant was detained as he left a motel room, and through a subsequent search warrant, agents seized 4.764 kilograms of actual methamphetamine, 463 gross grams of methamphetamine, and 990 gross grams of heroin.  PSR ¶ 30.

### B.    The Charges

On May 5, 2020, a federal grand jury returned a nine-count Indictment in 3:20-cr-00148-SI against defendant and several co-conspirators.  Defendant was charged with three counts listed in the Indictment, to include, Count 1: Conspiracy to Possess with the Intent to Distribute

**Government's Sentencing Memorandum**                                                    **Page 2**

and to Distribute Controlled Substances, to Use a Communication Facility and to Maintain a Drug-Involved Premises in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) and (viii), 843(b), 856(a) and 843; Count 4: Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); and Count 5: Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i).  ECF No. 25.

The grand jury also returned a separate one-count Indictment in 3:20-cr-00145-SI, charging Illegal Reentry in violation of 8 U.S.C. § 1326(a).  ECF No. 13.

### C.    The Plea Agreement & Guideline Computations

On June 7, 2022, the parties entered into a plea agreement pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  The Court is not bound by the recommendation of the parties or the presentence report.  The defendant may not withdraw his guilty plea or rescind the plea agreement if the Court does not follow the plea agreement or the recommendations of the parties.  The plea agreement also contains a waiver of appeal.

In 3:20-cr-00148-SI, defendant agreed to plead guilty to Count 1, and in exchange, the government will dismiss two remaining counts at sentencing.  ECF No. 604.

In 3:20-cr-00145-SI, defendant agreed to plead guilty to the one count in the Indictment. ECF No. 42.

The government agrees with the computations as outlined in the PSR and as discussed further below.

The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(1) is a Base Offense Level of 38 based upon more than 90,000 kilograms of converted drug weight, prior to adjustments.  PSR ¶ 32.

///

**Government's Sentencing Memorandum**                                    **Page 3**

USSG § 2D1.1(b)(18) provides a two-level safety valve reduction if the defendant meets the criteria set forth in USSG § 5C1.2(a)(1)-(5).  The government agrees that the defendant meets the requirements of the safety-valve provision, and the two-level reduction should apply. PSR ¶ 45.

As addressed in the plea agreement, the parties do not have an agreement as to the application of any role adjustment pursuant to USSG § 3B1.2 (mitigating role).  Defendant is free to argue for any role reduction he deems applicable under the guidelines.  PSR ¶ 12.  The government agrees with Probation that based on the facts and circumstances surrounding the defendant's involvement in the conspiracy outlined in Count 1 of the Indictment in 3:20-cr-148-SI, defendant does not qualify for a minor or minimal participant role and no mitigating role adjustment should apply.  PSR ¶ 47.

Defendant's timely guilty plea demonstrates that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case which is reflected in a three-level adjustment for acceptance of responsibility.  PSR ¶¶ 55-56.

Finally, the government agrees with Probation that defendant scores two criminal history points, placing him in Criminal History Category II.  PSR ¶ 64.

| Description | Offense Level | Guideline Section |
|---|---|---|
| Base Offense Level | 38 | USSG § 2D1.1(a)(5) and (c)(1) |
| Safety Valve | -2 | USSG § 2D1.1(b)(18) |
| Acceptance of responsibility | -3 | USSG § 3E1.1(a) and (b) |
| **Total Offense Level:** | **33** | |

///

///

**Government's Sentencing Memorandum**                                        **Page 4**

**ARGUMENT**

The government recommends a sentence at the low end of the applicable guideline range. Defendant transported large quantities of drugs from California to Oregon that could have done significant damage to the communities of Portland, Salam, and Vancouver. The intercepted communications suggest that defendant was not merely a courier but had a financial interest in the distribution of the drugs. For example, in one call a co-conspirator told another co-conspirator that he had sold a lot of drugs for defendant in the last 15 days and that it was at least a "whole one." PSR ¶ 27. Along the same lines, defendant reserved the room in which the drugs were seized and had $2,460 in cash on him when he was arrested. Defendant's drug trafficking occurred while he was unlawfully present in the United States and after he had previously been convicted of Illegal Reentry in 2013 in the District of Arizona.

A.      **Restitution & Forfeiture**

There is no restitution being requested in this case. In regard to forfeiture, the Indictment includes three forfeiture allegations though only the First Forfeiture Allegation for conduct charged in Count 1 applies to the defendant. A Preliminary and Final Order of Forfeiture was previously filed on June 8, 2022, and lists a total of $8,247 in U.S. currency, as subject to forfeiture.

///

///

///

///

///

///

**CONCLUSION**

The government recommends that the Court impose a sentence at the low end of the advisory guidelines, followed by five years of supervised release in 3:20-cr-00148-SI and three years of supervised release in 3:20-cr-00145-SI, subject to the mandatory, standard, and special conditions proposed by the Probation Office, and a $100 statutory special assessment fee on each count.

Dated: April 22, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. Narus*
WILLIAM M. NARUS, CAB #243633
First Assistant United States Attorney

*/s/ Nicole M. Hermann*
NICOLE M. HERMANN, OSB #126353
Assistant United States Attorney